**SO ORDERED.**

**SIGNED this 08 day of March, 2013.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

JAMES ARTHUR JOURDAN, JR. and      CASE NO. 12–008670–8–JRL
JILL DENISE JOURDAN,
                                    CHAPTER 7
        DEBTORS.

_____

### ORDER

This matter came before the court on the trustee's objection to the debtors' claim of exemptions, which the debtors have opposed. A hearing on the matter was held in Raleigh, North Carolina on February 20, 2013. At the conclusion of the hearing, the court took the matter under advisement.

### BACKGROUND

On December 7, 2012, James Arthur Jourdan, Jr. ("male debtor") and Jill Denise Jourdan ("female debtor") (collectively "debtors") filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code. The trustee was appointed and conducted the meeting of creditors pursuant to § 341(a) on January 2, 2013. In Schedule B, amended on January 7, 2013, the debtors listed two vehicles: a 2006 Lexus GS 300 ("Lexus") and a 2009 Ford F–150 Lariat ("Ford") (collectively

"vehicles"). Schedule B indicated that both debtors held an equitable interest in the Lexis, despite being titled solely in the male debtor's name. The Ford, however, was owned solely by the male debtor.

On Schedule C, the female debtor claimed the full $3,500.00 exemption allowed under N.C. Gen. Stat. § 1C–1601(a)(3) and $3,600.00 of her available wild card exemption allowed under N.C. Gen. Stat. § 1C–1601(a)(2) in the Lexis, valued at $14,200.00.[1] The female debtor claimed these exemptions, despite the fact that the Lexis was titled solely in the male debtor's name. The male debtor claimed the full exemption allowed under N.C. Gen. Stat. § 1C–1601(a)(3) and a portion ($4,000.00) of his wild card exemption in the Ford, which was valued at $19,500.00. The remaining $1,000.00 of the male debtor's wild card exemption was used to exempt his fifty percent ownership interest in Jourdan Miles d/b/a JMI Barcodes ("JMI Barcodes"), the value of which was listed as "unknown" on Schedule B. The debtors' claims of exemptions under N.C. Gen. Stat. § 1C–1601(a)(2) and (a)(3) can be summarized as follows:

| Item | Owner | Scheduled Value | Debtor Claiming Exemption | Value of Exemption |
| --- | --- | --- | --- | --- |
| Lexis | Joint | $14,200.00 | Female Debtor | $7,100.00 |
| 2012 Tax Refunds | Joint | Unknown | Female Debtor | $1,400.00* |
| Ford | Male Debtor | $19,500.00 | Male Debtor | $7,500.00 |
| JMI Barcodes | Male Debtor | $1,000.00 | Male Debtor | $1,000.00** |

---

[1]The value of the exemption claimed in the Lexis by the female debtor is $7,100.00. With the balance of her wild card exemption, $1,400.00, the female debtor claimed as exempt her proportionate share of the parties' 2012 tax return, the value of which was listed as "unknown" on Schedule B. The female debtor, however, expressly limited her exemption in the 2012 tax return to $1,400.00.

2

*The female debtor expressly limited the value of the exemption to $1,400.00.
**The male debtor expressly limited the value of his exemption to $1,000.00.

On January 4, 2013, the trustee timely filed an objection to the debtors' exemptions, contending that the female debtor is not permitted to exempt her interest in the Lexis under N.C. Gen. Stat. § 1C–1601(a)(2) and (a)(3) because it is titled solely in the male debtor's name and as such, the female debtor does not have an interest in the Lexis. Because only the male debtor may claim exemptions in the Lexis, the trustee requests that the court disallow the exemptions taken by the female debtor in the Lexis. Additionally, the trustee objects to the valuation of the male debtors' interest in JMI Barcodes as "unknown" or $1,000.00 for purposes of exemption and requests additional documentation to support the value of its assets and liabilities. On January 22, 2013, the debtors responded to the trustee's objection, admitting that the male debtor was the titleholder of the Lexis, but maintaining that the female debtor held an equitable interest in the Lexis. Relying on this court's decision in In re Horstman, 276 B.R. 80 (Bankr. E.D.N.C. 2002) and several North Carolina appellate decisions, the debtors assert that the instant case presents the circumstance, contemplated in Horstman, where a debtor could claim an exemption in a vehicle whose title is held in the name of another.[2]

## DISCUSSION

Section 522(l) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007 requires debtors to file a list of property claimed as exempt,11 U.S.C. § 522(1); Fed. R. Bankr. P. 1007; however, the trustee or any other party in interest may file an objection to the claimed

---

[2]The debtors also, in their response, indicate that they will provide the trustee with information to assist him in determining whether he can liquidate the male debtor's interest in JMI Barcodes for an amount in excess of the $1,000.00 claimed as exempt.

3

exemptions within thirty days after the conclusion of the § 341 meeting of creditors. Fed. R. Bankr. P. 4003(b). In joint bankruptcy cases, "the exemptions available to each codebtor may only be claimed from his or her separate estate." Matter of Sharik, 41 B.R. 388, 390 (Bankr. E.D.N.C. 1984) (emphasizing that the joint bankruptcy estates of codebtors are separate entities (citing In re Howard, 6 B.R. 220, 220 (Bankr. S.D. Ohio 1980)).

North Carolina has opted out of the federal exemptions scheme provided under § 522(d) of the Bankruptcy Code; therefore, "the exemptions of bankruptcy debtors in North Carolina 'depend on [state] law both for substance and for procedure.'" In re Pinner, 146 B.R. 659, 660 n. 2 (Bankr. E.D.N.C. 1992) (quoting Dominion Bank of Cumberlands, N.A. v. Nuckolls, 780 F.2d 408, 417 (4th Cir. 1985) (Hoffman, J., concurring)); N.C. Gen. Stat. § 1C–1601(f). North Carolina's statutory exemption scheme, laid out primarily in N.C. Gen. Stat. § 1C–1601(a), provides as follows:

> (a) Exempt property. – Each . . . debtor is entitled to retain free of the enforcement of the claims of creditors:
>
> > (1) The debtor's aggregate interest, not to exceed thirty-five thousand dollars ($35,000) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in the property not to exceed sixty thousand dollars ($60,000) in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased.
> >
> > (2) The debtor's aggregate interest in any property, not to exceed five thousand dollars ($5,000) in value of any unused exemption amount to which the debtor is entitled under subdivision (1) of this subsection.
> >
> > (3) The debtor's interest, not to exceed three thousand five hundred dollars ($3,500.00) in value, in one motor vehicle.

N.C. Gen. Stat. § 1C–1601(a)(1)–(3). North Carolina exemption laws are to be "liberally construed

in favor of the debtor . . . ." In re Mims, 49 B.R. 283, 286 (Bankr. E.D.N.C. 1985) (citations omitted); Elmwood v. Elmwood, 295 N.C. 168, 185, 244 S.E.2d 668, 678 (1978) ("[E]xemptions, being remedial in their nature and founded upon sound public policy should always receive a liberal construction so as to embrace all persons coming fairly within their scope.").

This court, in Horstman, held that a debtor could not claim an exemption in a vehicle, title to which was held solely in the name of a co–debtor, based on the definition of "marital property" in N.C. Gen. Stat. § 50–20. 276 B.R. at 83 ("Claims for equitable distribution of property are made in a specific, statutory context that cannot appropriately provide a basis on which to consider the application of standard bankruptcy exemptions."). The debtors in Horstman filed a joint voluntary petition for relief under chapter 7 and utilized their statutory automobile and wildcard exemptions to exempt two vehicles, both of which were titled in the male debtor's name. Id.[3] Upon the objection of the trustee, the court concluded that the female debtor could not apply her wild card exemption to the personal property because it was not part of her estate. Id. (stating that "the ownership interest necessary to support application of an exemption must be an actual property interest, not a theoretical or potential interest[.]"). In reaching this conclusion, the court recognized that "[t]he Jeep is titled in Mr. Horstman's name only, and also is identified as his property rather than community or jointly owned property on the debtors' own schedule of personal property." Id. (reasoning that the debtors' Schedule B "described the Taurus as Mrs. Horstman's property." (citing Schedule B–Personal Property)). Relying on Sharik and In re Thorpe, 251 B.R. 723 (Bankr. W.D.

---

[3]In Horstman, the male debtor used the statutory automobile and his wild card exemption to exempt $5,000.00 of the value of an unencumbered 1997 Jeep ("Jeep"), which was assigned a value of $9,225.00. 276 B.R. at 81. The female debtor applied her automobile exemption to exempt the full value of a 1993 Ford Taurus and attempted to exempt $3,500.00 of the remaining balance of the equity in the Jeep through her wild card exemption. Id.

Mo. 2000), the court indicated that "a debtor must have an ownership interest in property before he [or she] can claim an exemption in it[,]" and for practical and legal purposes that "the Jeep belongs to Mr. Horstman and the Taurus belongs to Mrs. Horstman." Id. at 82.  Finally, the court conceived of certain circumstances whereby a debtor could take an exemption in a vehicle or personal property that was titled in the name of a co–debtor. Id. at 83.  One circumstance, contemplated by Horstman, included the situation where it is clear that one vehicle belonged to each debtor, despite the fact that title to both is held solely by one debtor.  See In re Mitchiner, No. 94–00024–5–ATS (Bankr. E.D.N.C. Mar. 18, 1994) (unpublished) (allowing the female debtor to take an exemption in a vehicle she primarily used, although the vehicle was titled solely in the male debtor's name); In re Johnson, 210 B.R. 153, 156 (Bankr. D. Minn. 1997).

The United States Bankruptcy Court for the Western District of North Carolina, interpreting Horstman, has prohibited a debtor from claiming an exemption in a vehicle, titled to a co–debtor. In re Thams, No. 10–33089, 2011 WL 863293, at *4 (Bankr. W.D.N.C. Mar. 10, 2011).  The debtors in Thams listed two vehicles on their Schedule B, a 2003 GMC Yukon and a 2005 Infiniti FX35 ("Infiniti"), which were both titled to the male debtor. 2011 WL 863293, at *1.  The female debtor, in Schedule C, claimed the full automobile and wildcard exemptions allowed under North Carolina law in the Infiniti.  Id.  Testimony revealed that both debtors worked outside the home and required the use of a vehicle to travel to work and transport their children; however,  the male debtor financed the purchase price for the Infiniti through the dealership and the certificate of title for the Infiniti was issued solely in his name.  Id.[4]  Relying on Hopkins v. Brasseaux (In re Saunders), No. 07–8081,

---

[4] Although the female debtor in Thams was the primary user of the Infiniti, "[t]he Debtors jointly used the vehicles based upon who drove their children to school that morning . . . ." 2011 WL 863293, at *1.

2008 WL 538443 (Bankr. D. Idaho Feb. 25, 2008),[5] the court concluded that the female debtor was not entitled to claim the exemptions in the Infiniti because the trustee "has a superior interest against any interest that the female debtor may claim in the Vehicles pursuant to 11 U.S.C. § 544(a)(1) and North Carolina titling statutes." Id. at *3–4. In reaching its conclusion the court distinguished Horstman and Mitchiner because they "failed to consider the application of the Trustee's strong arm powers under 11 U.S.C. § 544(a) and their effect on the Female Debtor's assertion of an equitable title in the Vehicles given that the joint estates of co–debtors are separate legal entities." Id. at *2.

The United States Bankruptcy Court for the Middle District of North Carolina addressed a similar situation in In re Evans, No. 09–50450, 2009 WL 3259427 (Bankr. M.D.N.C. Oct. 8, 2009). In Evans, Judge Waldrep addressed whether a co–debtor in a joint bankruptcy case "can claim an exemption for the entire value of an item of jointly–owned personal property." 2009 WL 3259427, at *1 (answering in the negative because "a debtor can only exempt what he or she owns . . . ."). The female debtor claimed the entire value of four jointly–owned items of personal property (valued at $3,835.00) as exempt under her wildcard exemption. Id. Relying on Horstman and the debtors' Schedule B,[6] the court held that the female debtor owned a fifty percent interest in the joint personal property and, "[t]herefore, the female Debtor can only claim an exemption in her fifty percent interest in each item." Id. at *2 (emphasizing "that a co–debtor who owns a percentage of

---

[5]In Saunders, the court examined the relationship between the Idaho title of certificate statutes and the "strong arm" powers available to the trustee under § 544(a) of the Bankruptcy Code. 2008 WL 538443, at *2–3.

[6]In reaching the conclusion that the female debtor only held a fifty percent interest in the property she attempted to exempt, the court stressed that the debtors' Schedule B indicated that the property was jointly–owned. Evans, 2009 WL 3259427, at *2.

joint property can claim an exemption only in the portion owned." (citations omitted)).

The certificate of title establishes a rebuttable presumption of ownership in a vehicle, which can be overcome by a showing of joint ownership. See, e.g., N.C. Gen. Stat. § 20–72(b); Horstman, 276 B.R. at 83; Nationwide Mut. Ins. Co. v. Hayes, 276 N.C. 620, 624, 182 S.E.2d 511. 517 (1970) (holding that "title," used in § 20–72(b) may be used interchangeably with "ownership"); Younts v. State Farm Mut. Auto. Ins. Co., 13 N.C. App. 426, 428, 185 S.E.2d 730, 732 (holding that a certificate of title, properly registered with the North Carolina Department of Motor Vehicles, is not the only way to prove ownership of a vehicle), aff'd 281 N.C. 582, 189 S.E.2d 137 (1972). Johnson, a decision upon which this court relied in Horstman, found that the presumption of ownership by the party named on the certificate of title may be rebutted by a showing of joint ownership when a majority of the purchase price of the property was paid by a family member of the other party. 210 B.R. at 156.

The female debtor's testimony in the instant case reveals that the Lexis was purchased with funds from an equity line belonging to both debtors and the certificate of title was issued to the male debtor for logistical purposes, not as an indication that he was its sole owner. The female debtor also testified she primarily drove the Lexis, whereas the Ford was purchased primarily for the male debtor. The facts of the this case are distinguishable from those in Horstman and Thams. In the instant case, both debtors explicitly claimed an equitable interest in the Lexis on Schedule B. Compare Evans, 2009 WL 3259427, at *2 (allowing each co–debtor to claim an exemption for one–half the value of jointly–owned personal property where Schedule B listed the property at issue as owned jointly), with Horstman, 276 B.R. at 83 (emphasizing that Schedule B listed the male debtor as the sole owner of the vehicle at issue and it was not scheduled as community or

jointly–held property), and Thams, 2011 WL 863293, at *1.  Additionally, the Lexis was only used minimally by the male debtor, and only when he was accompanied by the female debtor.  Compare Mitchiner, No. 94–00024–5–ATS, with Thams, 2011 WL 863293, at *1 ("The Debtors jointly used the vehicles based upon who drove their children to school that morning . . . .").  Because it is clear from the record that the Lexis belongs jointly to both debtors and is primarily used by the female debtor, the female debtor may claim her one–half interest in the Lexis as exempt.

## CONCLUSION

Based on the foregoing, the court concludes that the female debtor may utilize her full $3,500.00 automobile exemption and $3,600.00 of her available wild card exemption in the Lexis, title to which was issued solely to the male debtor.  The trustee's objection is, accordingly, **DENIED.**

**END OF DOCUMENT**