SO ORDERED.

SIGNED this 25 day of June, 2013.

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

JAMES A. JOURDAN AND          CASE NO. 12-08670-8-JRL
JILL D. JOURDAN,
                              CHAPTER 7
    DEBTORS.

## ORDER

This matter came before the court on the debtors' motion requiring the chapter 7 trustee to abandon the interest in Jourdan Miles, Inc. A hearing took place on June 10, 2013 in Raleigh, North Carolina.

The debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code on December 7, 2012. The male debtor owns fifty percent of the shares of stock of Jourdan Miles, Inc. The remaining fifty percent is owned by Brian Miles. Jourdan Miles Inc., which operates under the trade name of "JMI Barcodes" is in the business of providing software services to medical, shipping, and warehousing companies that need barcode technology for tracking purposes. The male debtor exempted from the estate $1,000.00 in value of his interest in Jourdan Miles Inc. The remaining interest constitutes property of the estate. On April 29, 2013, the debtors filed the instant motion seeking an order requiring the trustee to abandon the non-exempt interest in the company as the

interest is unmarketable and has no market value.  The trustee responded in opposition stating that the interest has value to the estate.

At the hearing, the male debtor testified that there was no operating agreement which governed Jourdan Miles, Inc.  Accordingly, there is no mechanism to resolve disputes between the two fifty percent shareholders.  The male debtor and Mr. Miles have always been able to agree on decisions about the operation of Jourdan Miles, Inc.  The success of the business, the debtor added, depends upon continuity of management and the ability to make long-term decisions.

The court, upon request of a party in interest, may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554(b).  "Abandonment, once accomplished in accordance with § 554, removes the property in question from the bankruptcy estate and results in the trustee losing all interest, rights and control with respect to the abandoned property." In re Nieves, No. 03–82868, 2004 WL 1052964, at *1 (Bankr. M.D.N.C. Mar. 22, 2004).

Here, the interest which the trustee has is in a company where there is no operating agreement and no ability to break a deadlock.  Based on the male debtor's testimony, the business looks to be declining; no salaries have been paid for several months.  The court is doubtful that the trustee will be able to find a purchaser willing to buy into that type of entity, but will not prohibit his ability to try.

Based on the record before the court, the trustee has sixty days from the date of the hearing to indicate whether he intends to administer this property of the estate by selling the ownership interest or not.  If the trustee has not done so within the sixty days, the property is deemed abandoned.

**END OF DOCUMENT**